Good morning. My name is Margaret Johnson, and I'm privileged to represent the appellant in this case. We're here to ask the Court to reverse the trial courts, the district courts, order granting the plaintiff's, excuse me, the defendant's motion to dismiss, the 12b-6 motion to dismiss, and to vacate the judgment that followed. What we have here is a situation where, again, on a 12b-6 motion, the facts have to be, the facts pled, have to be accepted as true, and great liberality is given when reviewing the complaint. Here we have a situation where the plaintiff has alleged that Top Shelf manufactured a product called Grower's Choice. It's a 1,000-watt product. It's a commercial lighting system designed for the greenhouse and indoor gardening industry. They advertise it as a safe, environmentally friendly, and efficient lighting system with the latest technology. Based upon this, my client purchased the entire system for its Spokane facility in 2009, installed it, used it, all in accordance with the instructions. And then things blew up. But we're really not here to find out about the failure of the product as much as the extent of the pleadings, right? Exactly. So I want to ask you first about your claim under the WPLA common law negligence. Isn't that preempted by the WPLA straight up? We contend that if it's preempted, then that is just a matter of duplicate pleadings. Okay, so there's one where the district court didn't make a mistake, correct? We would submit that that could be one point that we would concede. However, there are many other claims here. We have counts. No, I understand there's a lot of other claims. And on those other claims, what concerns me is that they're pretty conclusory and repetitive. And you were given already one opportunity to amend, which, of course, was a fair thing to do. But do you think at this point you should be given another opportunity to amend? Absolutely. And the reason I was going through those allegations about what happened, what representations were made, and so forth, is because that's what's pled in the complaint. And all under FRCP 8, all that's required is a short and plain statement of the claim showing that the pleader is entitled to relief. Some plausible claim can be made out of those facts. And here, Your Honor, if I may address the issue with respect to amendment of the pleadings. What we had was an order. There was only one opportunity to amend. But what was that? That wasn't after the court said, you got this wrong, you got this right, you got to correct this. What it was was an order that said, and this is the June 9th order found at- Is the court required to do that? I think the court, you know, is supposed to consider allowing amendment, and the court did. How much is the court required to point you through every deficient part of the complaint? Well, there should be some sort of notice. And the problem here is that the original order, the only order that allowed any kind of amendment said, without expressing any view as to the merits of the original motion to dismiss, we're going to give you a chance to amend. That's all it said. And if you amend, then comes the next order. If you amend, then we will take the motion to dismiss off calendar as moot. So we filed an amended complaint, and then what happens? The court issues an order on July 1st, and that's at Excerpts of Record 104, and states that the defendant's motion to dismiss is dismissed as moot, and the defendant shall file its answer. It didn't say shall respond. Shall file its answer within 21 days. So that is all we had. We had no indication whatsoever as to why the complaint was insufficient when on these facts, these basic facts, there certainly was a claim that could be made under the Washington Products Liability Law. And, again, without even having any sort of chance to really amend with some sort of indication as to what the court was thinking. I guess one of my questions is, you know, I believe the defendant, Top Shelf, argued below that nothing in the complaint indicated Count 6 arose out of the UCC or under the UCC, and you didn't clarify your UCC theory. So I'm trying to figure out how does that comply with Rule 8's requirement that you must give the defendant notice? Well, although the word or acronym UCC did not appear in the complaint, we did specify that there was an actual contract. Now, under Washington law, there's no requirement for privity for that type of claim, whereas under the UCC, there is. And in our amended complaint, it does allege that there was a contract. So, again, with all of these facts, there was clearly relevant information pled that would lead the reader of the complaint to believe that there's some sort of plausible claim. It's just a matter of some additional facts that perhaps may need to be pled. Well, I mean, is it a common law claim or is it a statutory claim? Number six. Number six? Well, if it's under the UCC, it would be under the UCC statute. But that's not pled, right? Pardon me? That's not pled. It's not. However, the facts that were pled are sufficient to establish that an amendment would not have been futile in this case. So our argument is two parts. One, we do believe that it was sufficiently pled. But even if it were not, that the district court erred in failing to allow leave to amend, because with all of these facts pled, even if they were not perfectly pled, there was a claim to be made because clearly light bulbs aren't supposed to just explode or start a fire. And there certainly was damage. So there was product representation made and a damage. And this is where we end up with the complaint situation. In terms of the complaint also, as I understand it, you're claiming that defendant is both a seller and a manufacturer. Is that right? Correct. We're pleading that again at the pleading stage. So all of the other nuances, the details, will be filled in in turn with discovery. But there's some basic differences in product liability between the obligation of a seller and the obligation of a manufacturer. And particularly with respect to sellers, it only applies if the seller had the possession or control of the product. And I don't see that alleged anywhere. It talks about 77020402, that the strict liability applies only if there's these certain exceptions. And I don't see any of that pled. Maybe you can fill us in on what you think the exception is and where we would find that in the amended complaint. Well, Your Honor, that is another area where my colleague has pointed that out in their answering brief. That is something that, again, is very easy to amend. So I guess the bottom line, in your view, is you can fix all this if you can have one more amendment. Exactly, Your Honor. And the stage where this was left was we thought we had a viable complaint. Certainly on its face, the facts lead to the conclusion that there were viable causes of action, claims that could be made, based upon, again, all we need to show is that there's some sort of ability to amend and that amendment would not be futile. If all we need to do is say they had possession or, again, meet a few other criteria, that is certainly a matter that can be amended. And also, we have to respectfully request that we keep in mind that we're talking about a terminating sanction. So here we have, and if I may go back to the fact that Judge talked about whether or not some information or guidance must be given, here we had absolutely no guidance. And so we would respectfully request that prior to an actual terminating sanction being forthcoming, that there should be some sort of opportunity. Here there was no oral argument. All we had was one order that said, I'm not going to talk about the merits, but you can amend. We amended, and then it was dismissed. That was it. No oral argument, nothing. And here I think every single deficiency, if we can call it that, that my colleague has pointed out is certainly something that can be amended. And, Your Honors, I see I've used up a little over ten minutes of my time. If the Court has no questions, I'd like to reserve the remainder for my rebuttal. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Jackie Mitchison for Appellant Defendant Top Shelf. We're here today asking that you affirm the trial court's order dismissing the complaint in this case. I think the Court has obviously looked at the complaints, the two complaints, the first one and the amended one, pretty closely, and has seen that there are some factual deficiencies. I wanted to spend a little bit of time talking about how the procedural history sort of got to the point where the dismissal occurred. This started in state court here in Washington, where the pleading standard is different than in federal court. The pleading standard is just a notice pleading standard, and this commonly happens upon removal where the complaint wouldn't be sufficient under the federal rules, but it might have been under the Washington rules. And so, you know, the defendant moves to dismiss, and the court orders, to the extent that there's deficiencies under the federal standard, you need to amend the complaint to fix those deficiencies. So plaintiff had the opportunity to amend. They had the 12B6 motion that defendants filed in this case, outlining the various areas where factual allegations were missing and making the complaint deficient under the federal standard. And yet, if you compare the two complaints, the originally filed and the amended complaint, you can see that there were scant changes. There were truly very few changes. It didn't look like the plaintiff took it seriously to amend and add additional allegations in there. And so when the defendant moved to dismiss a second time and plaintiff responded by attacking the fact that it was a motion to dismiss rather than an answer and moving for sanctions, they didn't ask for leave to amend. They didn't argue that their pleading was sufficient. They just said, you didn't do what you were supposed to do. I want you to be sanctioned. And so the court really is left sitting there with no opportunity to understand, in what way is this complaint alleging actual claims? In what way could this complaint be amended a second time to actually allege sufficient facts to make out claims here? And so I think, you know, the court acted reasonably in dismissing the case there where this plaintiff had two chances to ‑‑ had a chance to amend, didn't really take it, had another motion to dismiss, and just merely said, we've said enough, that's it. I mean, it's a little bit odd because it comes up from Washington court. Right. And I guess one just bottom line question is, what would be the harm in an amendment? Assuming things could be amended, I think there's at least one of the claims I pointed out is foreclosed straight up, but what would be the harm in amendment? And then you could have a fair debate or the court would have a full plate to see whether any of those claims survive. I think Your Honor is correct in saying at least one of the claims is completely foreclosed. I think the trial court would have been within its discretion to allow amendment here, and that wouldn't have been questionable. Now what would be the harm is, it's been since 2019 that this fire and damage occurred, and we're now in 2024. The trial court acted reasonably and within its discretion. The standard for dismissing with prejudice is whether it was an abuse of discretion to do so, and I don't think it was under the specific facts of this case. There's no case law from this circuit or elsewhere that says that the trial court's required to give a road map to the plaintiffs of what they need to plead specifically in order to have a successful complaint. So then let's look at what is in the complaint. I understand your argument regarding amendment. I think you argue that count number three is not plausibly stated because there's no allegations regarding a reasonable consumer's expectations. But given that we have to take and make reasonable inferences in FATS' favor, the palace favor, can't we infer that most consumers would not expect lights to explode? I think that is an inference that you could make. That would be reasonable to make that. So then would count three survive then? It may have been able to, but they didn't allege what expectations consumers would have other than all they alleged here is that some lights imploded or exploded, and that's it. That's all we're left with. But most people who buy these lights or whatever kind, put in their greenhouse or whatever, they don't really expect them to blow up. Isn't that common sense that could be inferred? Yeah, it is common sense. It's true about everything we buy. We hope it doesn't blow up or break, right? All of us sitting here hope these lights don't blow up, agree on that. But here I think the problem is that there just was lacking facts on these, and they were given the opportunity to replead once. They didn't take it seriously. They attacked counsel's choices on what type of responsive pleading they filed, and the trial judge didn't think that was reasonable under the circumstances, and he has discretion in that regard. And so we're asking that the court affirm the trial judge. Unless you all have further questions for me, I will let my colleague continue. Thank you. My colleague points out that perhaps my client misread the order. Instead of filing a response to the second motion to dismiss, that a motion for sanctions was filed. If anything, if there's an error, it's due to the vague order. The order specifically states defendant shall file an answer, and if the plaintiff files an amended complaint. We have this order that says motion dismissed is moot, defendant to file an answer. That's what we expected, but that's not what happened. If anything, it was a misunderstanding. But we know that the complaint can be amended, and it was just a matter of, again, a few sentences to make that correction. And in here, what we have is a situation where because it can be amended, the trial court did abuse its discretion because unless it would be futile for an amendment, the court must allow an amendment, must leave to amend. And here, this is not a situation where there were repeated opportunities. There was one, and the only one we know of, and I thank my counsel for reminding me that the original complaint was from Washington, there was one chance. But again, that was countered with, I'm not ruling on the merits, but okay, you can amend. But beyond that, there was nothing more. And if the court has no further questions, I would ask that, again, the judgment be vacated and that the order granting the motion to dismiss be reversed. Thank you. Thank you. Thank you both for your oral argument presentations here today. The case of Fat and Sticky v. Top Shelf LED is now submitted.
judges: MURGUIA, McKEOWN, OWENS